Argued March 14, affirmed March 20, rehearing denied April 17, 1928.

# LLOYD G. TRULLINGER v. DOOLY & COMPANY

## ET AL.

### (265 Pac. 1117; 266 Pac. 909.)

**Malicious Prosecution—Conviction of Plaintiff of Offense Charged is Conclusive Proof of Probable Cause in Action for Malicious Prosecution.**

1. Evidence that plaintiff was arrested for minor traffic offense and found guilty and fined is conclusive proof of probable cause in action for malicious prosecution.

**Malicious Prosecution—Allegations Held not to Show That Conviction Raising Conclusive Presumption of Probable Cause in Malicious Prosecution Action was Brought About by Fraud and Perjured Testimony.**

2. Allegations by plaintiff, in action for malicious prosecution seeking to avoid effect of rule that conviction is conclusive proof of probable cause, *held* insufficient to show that his conviction was brought about by fraud and perjured testimony.

**Perjury—To Constitute Perjury, Testimony must be Wilfully False and Material to Issues in Case.**

3. To support a charge of perjury, there must be some statement of fact showing that testimony given was not only false but wilfully false, and that false testimony was material to the issues in the case on trial in which such testimony was given.

---

Malicious Prosecution, 38 C. J., p. 414, n. 82, p. 460, n. 99.

1. Conviction as conclusive evidence of probable cause, see note in 26 Am. St. Rep. 142. See, also, 18 R. C. L. 38. Conviction by magistrate or justice of peace as probable cause, see note in 34 L. R. A. (N. S.) 958.

2. Probative force of conviction in criminal proceedings procured by fraud, perjury, etc., see note in 15 Ann. Cas. 486. See, also, 18 R. C. L. 38.

3. What constitutes perjury, see note in 85 Am. Dec. 485. See, also, 21 R. C. L. 259.

From Multnomah: JOHN H. STEVENSON, Judge.

Department 1.

[AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Andrew Hansen* and *Mr. Wm. H. Hallam.*

For respondents there was a brief over the names of *Mr. Henry S. Gray* and *Messrs. Wilbur, Beckett, Howell & Oppenheimer,* with an oral argument by *Mr. Ralph W. Wilbur.*

PER CURIAM.—The lower court sustained a motion for judgment on the pleadings in favor of the defendants and plaintiff has appealed.

We have examined the pleadings and are satisfied that the decision of the lower court is correct. The judgment is, therefore, affirmed.      AFFIRMED.

---

Rehearing denied April 17, 1928.

ON PETITION FOR REHEARING.

(266 Pac. 909.)

For the petition, *Mr. Andrew Hansen* and *Mr. William H. Hallam.*

No appearance *contra.*

COSHOW, J.—Plaintiff has filed a petition for rehearing. The judgment was affirmed with a memorandum opinion: *Ante,* p. 269 (265 Pac. 1117). After careful consideration by the entire department

hearing the case, it was unanimously determined that there was no merit in the appeal.

The petition attempts to make a good deal of the statement in the *per curiam* opinion that a judgment was rendered in the Circuit Court "for want of a pleading herein." It would have been more accurate to have said "because plaintiff stood on his second amended complaint after a general demurrer was sustained thereto refusing to further plead in the cause." Plaintiff filed two amended complaints. After motions had been allowed respectively against the original and first amended complaints, a demurrer was sustained to the second amended complaint. Plaintiff was given opportunity to file another amended complaint, but refused to do so.

The language employed by the court in the memorandum opinion was taken from the judgment of dismissal, which uses the expression "and it appearing to the satisfaction of the court that the default of the plaintiff for want of a pleading herein has been heretofore duly entered." The statement, while subject to criticism, is substantially correct. The particular description of plaintiff's failure to submit a proper complaint is absolutely and entirely immaterial. The judgment of the Circuit Court was that plaintiff's second amended complaint did not state facts sufficient to constitute a cause of action against defendants. Defendants, by motion and demurrer, pointed out specifically to plaintiff three times the defects in his complaint. His attorneys were unable evidently to frame a good complaint on his pretended cause of action.

1. Plaintiff bases his action on alleged malicious prosecution. His complaints all show that plaintiff was arrested for a minor traffic offense and was found

guilty in the Municipal Court of Portland and fined the sum of $25. This is conclusive proof of probable cause: *Fones* v. *Murdock,* 80 Or. 340, 343 (157 Pac. 148), and note to the case of *Saunders* v. *Baldwin,* 112 Va. 431 (71 S. E. 620, Ann. Cas. 1913B, 1049, 34 L. R. A. (N. S.) 958, and note).

2. Plaintiff sought to avoid the effect of this rule of law by attempting to allege his conviction was brought about by fraud and perjured testimony. His allegations are not sufficient statements of fact upon which to base a cause of action for malicious prosecution against defendants. The complaint alleges that defendant Mary L. McArthur and one R. D. Bradshaw were the only witnesses in the trial of the case of the *City of Portland* v. *Trullinger.* The false testimony alleged to have been given by Mary L. McArthur is: "My car was struck on the fender." This testimony was alleged to be false in that her car was not struck at all. The fact is undisputed that a collision occurred between the car driven by plaintiff and the car operated by defendant Mary L. McArthur. Under ordinary circumstances defendant Mary L. McArthur had the right of way because plaintiff was approaching the same intersection on her left or she was approaching the same intersection on his right. It is evident they were approaching at the same time, for they collided. From her viewpoint, doubtless, it was true that plaintiffs' car struck hers. Plaintiff claims that her car struck his. There is no perjured testimony in such statements. These statements are conclusions. She is also alleged to have stated: "To see what he (Trullinger) had put into the paper and that was what stirred me up, I will tell you." Neither can perjured testimony be predicated upon that statement.

Plaintiff alleges that it was defendants Dooly & Company which stirred her up. There is nothing else but the bare unsupported statement of plaintiff against the statement of defendant Mrs. McArthur that the item in the paper did not stir her up, whatever that may mean.

Plaintiff also bases an alleged admission of wrong on the part of defendant Mary L. McArthur because she testified as follows: "I told him to go and see Dooly & Company. We have insurance on our car for liability to other people." The statement by defendant Mrs. McArthur is not an admission of wrong on her part. It does evince a desire to avoid a street controversy over the matter. This statement indicates that Mrs. McArthur did not want to quarrel or wrangle about the cause or consequences of the collision but referred the plaintiff to parties who should adjust the matter for her. If courtesy, decency and gentility constitute admission of wrong, then the remark attributed to Mrs. McArthur by plaintiff might be some evidence of wrong on her part. We do not believe the time has come, even in automobile traffic, when it would be considered evidence of neglect and wrong for one to be polite and urbane in one's intercourse with other persons, whether motorists or pedestrians.

The alleged false testimony given by the witness, Bradshaw, who appears to have been a disinterested witness who happened to be on the street near the place the collision occurred and saw it, is as follows:

"There was also another car a little bit to the rear of the lady's car and if this first car had not been there, he (the plaintiff) would have hit the second one; he would have hit this car if he had not hit the first one."

125 Or.—18

3. This statement is alleged to have been doubly false because plaintiff alleges that he did not hit the first one and he would not have hit the second one. The statements of the witness Bradshaw cannot be perjury even if he is mistaken about what would probably have occurred if defendant Mrs. McArthur's car had not collided with plaintiff's car. That is the expression of an opinion. In order to support a charge of perjury there must be some statement of fact showing that the testimony given was not only false, but wilfully false. The false testimony must also be material to the issues in the case on trial in which such testimony is given. The statements in plaintiff's complaint are wholly lacking in the material elements constituting perjury. Plaintiff had three trials with the aid, in two of his complaints, of the able attorneys for defendants to assist him in framing a sufficient complaint by indicating the defects in said complaints, upon which to base his cause of action. He signally failed to state a cause of action.

Plaintiff comes to this court with a brief made up principally of scurrilous, slanderous and vituperative assertions. If a motion had been filed to strike it from the files because slanderous, that motion would have had serious consideration. Plaintiff's counsel were courteously treated by affirming the court below in a memorandum opinion. His counsel returned to this court with a disrespectful, insinuating, untruthful petition for rehearing. Abuse, false accusations and discourteous language are not substitutes for argument, facts or logic.

The petition for rehearing is denied.

REHEARING DENIED.

RAND, C. J., took no part in this decision.