## TANIMURA v. UNITED STATES.
### No. 13014.

United States Court of Appeals
Ninth Circuit.

March 6, 1952.

As Corrected March 17, 1952.

Rehearing Denied April 30, 1952.

C. Dan Lange, Clyde R. Rockwell, San Francisco, Cal., for appellant.

Ed. Dupree, General Counsel, Leon J. Libeu, Asst. General Counsel, Walter A. Rochow, Special Litigation Attorney, Nathan Siegel, Attorney, Office of Rent Stabilization, all of Washington, D. C., for appellee.

Before STEPHENS, HEALY and BONE, Circuit Judges.

STEPHENS, Circuit Judge.

On February 28, 1950, the United States instituted suit against Tanimura, and two others against whom it was dismissed, charging them with violation of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., The Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and the Rent Regulations under these Acts, 8 F.R. 7334; 12 F.R. 4302, by collecting rents in excess of the legally fixed maximum rates. It was asked through the complaint that an injunction be issued against further violations, that restitution of the overcharges to those overcharged be ordered, and treble damages be awarded to the plaintiff in the sum of the overcharges which had accrued within the year prior to the institution of the suit. The judgment went against Tanimura in accordance with the complaint except that single damages instead of treble damages were awarded the government as statutory damages.

Tanimura appeals upon the one ground that he was entitled as of right to a jury trial. Appellant makes no contention that the issues of injunction against further violations and restitution of overpayments are not equitable in nature triable by the court without a jury. It was within the sound discretion of the court as to whether the equitable issues or the law issues should take precedence in trial. It is apparent that the overshadowing purpose of the action by the government as plaintiff was to effectuate rent control law. Those overcharged failed to exercise their

330

right to bring action and had the government been complaisant as to substantial overcharges it would seem but an invitation to lawlessness that would tend to break down the benefits sought by this wartime remedial legislation. Restraint against future violation with statutory damages as a deterrent to law violation motivated the government. In these circumstances the trial judge wisely decided to go immediately to the equitable issues.

 In trying the equitable issues the court necessarily decided every essential fact involved in the issue of injunctive relief and in restitution, together with the dollar amount of statutory damages to the United States (a sum equal to overcharges during the year prior to beginning suit). Only the issue as to trebling such damages remained untried. That issue was not necessary to the decision of the equitable issues and is an issue of law to be determined for the government "Unless the defendant sustains the burden of satisfying the jury that the violation was neither willful nor negligent". The above quotation is from Chief Judge Magruder's opinion in Orenstein v. United States, 1 Cir., 1951, 191 F. 2d 184, 190, in which issues much like those in our case are given scholarly treatment.

However, a judgment need not be reversed in every case where error has been committed or where a right has been denied a litigant. Where the result could not have been more favorable to the litigant had the error not occurred or his right been fully accorded him, the judgment need not be reversed.

In this case, not treble damages but only the actual statutory damages were allowed by the court, and so the judgment stands. A trial before a jury as to whether either wilfulness or neglect underlay the overcharges could result in no more favorable judgment to appellant.

We have examined the cases cited by appellant and do not find them in conflict with the views herein expressed.

Affirmed.

Appellant's Petition for a Rehearing.

PER CURIAM.

Appellant, in his petition for rehearing in the above entitled case, asserts that we have overruled our own case of Bruckman v. Hollzer, 9 Cir., 1946, 152 F.2d 730, and have not considered Federal Rules of Civil Procedure, rules 38(a) and 39(a), 28 U.S. C.A., which "* * * were intended to 'preserve' the right of trial by jury under the Seventh Amendment to the Constitution of the United States".

We think appellant is mistaken.

We stated in our opinion that the government is moving primarily to effectuate the purposes of the rent control law and asks "an injunction be issued against further violations, that restitution of the overcharges to those overcharged be ordered, and treble damages be awarded * * *." Federal Rules of Civil Procedure, rules 38 (a) and 39(a) preserve the right of trial by jury to issues not necessary to or those not merely incidental to the equitable jurisdiction. The Bruckman-Hollzer opinion recognizes and applies this principle as does our opinion in the instant case. It would seem hardly necessary to write into the opinion that issues not falling within the principle just stated could be tried without a jury in the face of a demand for a jury.

The petition for a rehearing is denied.