**Ralph E. VAN CAMP and Arlene A. Van Camp, Plaintiffs-Appellants,**

v.

**John D. GRAY and J. R. Laurita, Defendants-Appellees.**

No. 198-70.

United States Court of Appeals, Tenth Circuit.

April 16, 1971.

Albert Cohen and Craig A. Murdock, Denver, Colo., for plaintiffs-appellants.

Joseph N. Lilly, Denver, Colo., for defendant-appellee Gray.

Lowell M. Fortune, Denver, Colo., for defendant-appellee Laurita.

Before LEWIS, Chief Judge, PICKETT and McWILLIAMS, Circuit Judges.

PICKETT, Circuit Judge.

This action was brought by the appellants, Ralph E. and Arlene A. Van Camp, to recover damages arising out of an alleged unlawful arrest by the appellees, Gray and Laurita, members of the Denver, Colorado Police Department. Jurisdiction is asserted under the provisions of 28 U.S.C. §§ 1331, 1343; 42 U.S.C. §§ 1983,[1] 1985, 1988; and the Fourteenth Amendment to the United States Constitution. Upon trial the district court, for the lack of evidence, directed the verdict for the defendants

the issue is not properly before this Court; Hemming v. United States, 5 Cir., 1969, 409 F.2d 11.

1. 42 U.S.C. § 1983 reads as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

on the issue of punitive or exemplary damages. The remaining issues were submitted to a jury, which returned a verdict in favor of the defendants.

The Van Camps contend that the court should have instructed the jury that the arrest was unlawful and that the arresting officers were liable as a matter of law. Their theory is that under Colorado Revised Statute § 39–2–20 [2] a lawful arrest without a warrant cannot be made unless a crime has in fact been committed, and that the person arrested committed it. Appellants apparently assume that an acquittal of the offense for which the arrest was made conclusively establishes that no crime was in fact committed; consequently, the arrest was unlawful. Since the trial of this case, the Court of Appeals of the State of Colorado considered the exact question and held that the foregoing statute authorizing an arrest without a warrant is satisfied if the arresting officer has probable cause or reasonable grounds to believe that a crime has been committed, and that the person arrested committed it. Austin v. Rivera, 472 P.2d 747 (Colo. App. 1970).[3] See also Gonzales v. People, 156 Colo. 252, 398 P.2d 236 (1965), cert. denied, 381 U.S. 945, 85 S.Ct. 1788, 14 L.Ed.2d 709 (1965).

A brief resume of the evidence shows convincingly that the arresting officers in this case had probable cause to believe that prior to arrest the Van Camps had committed a crime. Furthermore, we agree with the trial court that evidence in the record is insufficient to support a claim for exemplary or punitive damages. Ralph Van Camp was a licensed pharmacist employed at Potter's Drug Store during the day and Brookridge Pharmacy at night in Denver, Colorado. On August 24, 1967, while working at Potter's, he telephoned a wholesale drug firm in Denver placing an order for 500 capsules of Darvon 65, a prescription drug. He did not identify himself, but stated, "This is Brookridge Pharmacy," and that his wife would pick up the order and pay cash for it. As this procedure was not a common practice, the wholesale drug firm communicated with Brookridge to verify the order and ascertained that it had not been authorized. The incident was reported to an agent of the Federal Bureau of Drug Abuse Control, who, after confirming that the order was unauthorized, enlisted the assistance of Gray and Laurita and proceeded to the wholesale drug firm.

Mrs. Van Camp was arrested by Gray and Laurita after she had purchased the drug and placed it in her car. She was then taken to the Denver Police Department. Van Camp was notified and upon his appearance at the police station was also placed under arrest and charged with obtaining and conspiring to obtain drugs by fraud and deceit in violation of Colorado Revised Statute § 48–7–6.[4] It was shown that Darvon 65 is a pain-killing drug to be dispensed only through the supervision of a doctor and by prescription. In view of the Colorado decisions on the question of a warrantless arrest, we find no error.

Affirmed.

---

2. Colo.Rev.Stat. § 39–2–20 (1963) reads in pertinent part:
"* * * an arrest may be made by an officer * * * without warrant * * * when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it."

3. In Austin v. Rivera, 472 P.2d 747, 749, the court said:
"There was evidence in the record of the instant case, which we need not detail here, indicating that defendant officers had 'probable cause' to believe that an offense had been committed and that plaintiff had committed it. They could not, therefore, be held civilly liable for False Arrest, Imprisonment and Malicious Prosecution, even though they arrested plaintiff without a warrant and even though she was not convicted on any of the charges for which they arrested her."

4. Colo.Rev.Stat. § 48–7–6 (1963) provides in part:
"Prohibited acts—(1) The following acts and the causing thereof within the state of Colorado are hereby prohibited:
"(2) The obtaining of a drug * * * by fraud, deceit, misrepresentation, or subterfuge * * *."