Charles BERGSTRALH, Plaintiff-Appellant,

v.

Gayle LOWE and City of Bend, Oregon, Defendants-Appellees.

No. 72–2820.

United States Court of Appeals, Ninth Circuit.

Aug. 6, 1974.

Certiorari Denied Feb. 18, 1975. See 95 S.Ct. 1131.

Chambers, Circuit Judge, concurred, with opinion.

Hufstedler, Circuit Judge, dissented with opinions.

Richard Haeder, Portland Ore., for plaintiff-appellant.

Thomas S. Moore, of Morrison, Bailey, Dunn, Cohen & Miller, Portland, Ore., for defendants-appellees.

## OPINION

Before CHAMBERS, HUFSTEDLER and WALLACE, Circuit Judges.

WALLACE, Circuit Judge.

Bergstralh seeks to recover damages under section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, resulting from his arrest on charges of disorderly conduct by Lowe, a policeman employed by the city of Bend, Oregon. Bergstralh summoned Lowe to remove two alleged trespassers from his appliance store parking lot. When Lowe convinced the young men to leave and refused to arrest them, Bergstralh threw some beer bottles and made threatening and abusive remarks to Lowe and the young men. Lowe arrested Bergstralh without a warrant and charged him with disorderly conduct. Bergstralh was subsequently acquitted on that charge by a municipal court, but convicted on a charge of resisting arrest. In the district court, Bergstralh asserted that Lowe violated his Fourth and Fourteenth Amendment rights by using excessive force and illegally arresting him. The district court ruled at the conclusion of Bergstralh's case-in-chief that, as a matter of law, the arrest was made with probable cause. The question of excessive force was submitted to the jury, which returned a verdict in favor of Lowe. Bergstralh now appeals, urging that the district court erred in its ruling on probable cause and in instructing the jury. We affirm.

Bergstralh's primary claim is that because probable cause was absent, Lowe deprived him of his constitutional rights by illegally arresting him. The lawfulness of a state arrest by state police is to be determined by state law so long as the state law is not inconsistent with the federal Constitution. Ponce v. Craven, 409 F.2d 621, 625 (9th Cir. 1969). See Van Camp v. Gray, 440 F.2d 777 (10th Cir. 1971). Bergstralh does not argue that the Oregon laws governing arrest, if followed, are unconstitutional. Thus, our only task in this case is to determine if the district court's ruling on probable cause was proper under Oregon law.

Bergstralh argues that since under Oregon law a police officer can make a warrantless arrest for a misdemeanor only when a crime is attempted or committed in his presence, his acquittal on the disorderly conduct charge by the municipal court conclusively establishes that his arrest was improper and entitles him to a civil judgment. We reject this argument as being without merit. Beauregard v. Wingard, 362 F.2d 901 (9th Cir. 1966). As the Supreme Court said in Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967):

> Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved. . . . A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does. (citations omitted)

During a pretrial conference in chambers, the district court, relying upon Hryciuk v. Robinson, 213 Or. 542, 326 P.2d 424 (1958), and Restatement of Torts § 667(1) (1938), ruled that Bergstralh's conviction for resisting arrest

conclusively established that the arrest was made with probable cause unless Bergstralh could show that his conviction was obtained by fraud, perjury or other corrupt means. When Bergstralh was asked whether he intended to attempt to establish that the conviction fell within one of the exclusions, the proceedings went off the record. Thus, we are unable to determine toward which issues Bergstralh's evidence was directed.

After Bergstralh had presented his case-in-chief, Lowe moved for a directed verdict. The court denied the motion, but "rule[d] as a matter of law [that] there was probable cause for the arrest." The court then stated, "I think the only question the Court feels there is any evidence on . . . is whether excessive force was used in placing [Bergstralh] under arrest." In response to Bergstralh's argument against the ruling, the court stated:

"You are ignoring entirely the evidence by the other witnesses which you called as part of your case, all of whom said the bottles went out into the street. You have got a conflict certainly that would give the officer probable cause to arrest this man."

It is unclear to us whether the court's ruling was based upon Bergstralh's failure to rebut the presumption adopted during the pretrial conference or upon all of the evidence presented during the case-in-chief. Clearly, the presumption was not rebutted and, therefore, any alternative holding would be unnecessary and thus any error in ruling on the alternative ground would be harmless.

 Whether a rebuttable presumption should be applied is a matter of substantial law. *Cf.* Blue Diamond Coal Co. v. United Mine Workers, 436

F.2d 551 (6th Cir.), cert. denied, 402 U.S. 930, 91 S.Ct. 1525, 28 L.Ed.2d 863 (1970); Peterson v. Mountain States Telephone & Telegraph Co., 349 F.2d 934 (9th Cir. 1965). Accordingly, we are required to apply the Oregon presumption when testing the legality of an Oregon arrest, unless such an application would be inconsistent with the Constitution. Dick v. New York Life Ins. Co., 359 U.S. 437, 79 S.Ct. 921, 3 L.Ed. 2d 935 (1959). Although Hryciuk v. Robinson, 213 Or. 542, 326 P.2d 424 (1958), and the Restatement of Torts both deal with a presumption for probable cause in a malicious prosecution by a private citizen, not probable cause for arrest by a police officer, the *Hryciuk* presumption as applied in this case does not deprive Bergstralh of his constitutional rights. The trial judge concluded that the municipal court jury in reaching a verdict of guilty for resisting arrest would have had to have concluded that Lowe had probable cause to believe that a misdemeanor was being committed in his presence. He was correct. As there was no statute to the contrary,[1] Bergstralh was entitled to use all force reasonably necessary to resist an unlawful arrest. United States v. Di Re, 332 U.S. 581, 594, 68 S.Ct. 222, 92 L.Ed. 210 (1948); Basista v. Weir, 340 F.2d 74 (3d Cir. 1964). Thus, in order to conclude that Bergstralh was guilty of resisting arrest, the jury would have had to have concluded that his arrest was legal. Absent probable cause the arrest could not have been legal; thus, the issue was directly resolved by the jury. Since this issue had been resolved against Bergstralh by a jury, it was not error for the trial judge to conclude as a matter of law that there was probable cause, unless Bergstralh could show that the jury verdict was obtained by fraud

[1]. In 1971 (subsequent to this case), a statute was adopted which prohibited the use of physical force to resist an arrest when the person has reasonable cause to believe that the arrest is being made by a police officer, whether the arrest is lawful or unlawful. ORS § 161.260 (1971). At the same time, a statute was also adopted which provided that it is not a defense to a crime of resisting arrest that the peace officer lacked legal authority to make the arrest. ORS § 162.-315 (1971). Under the present Oregon Laws, a conviction for resisting arrest would, of course, not be evidence of probable cause for the arrest.

or perjury. Bergstralh has not succeeded in so showing.

■ As to instructions, we cannot review Bergstralh's claim that the district court erred in failing to instruct the jury that the acts of the three men who assisted Lowe in arresting Bergstralh should be considered in determining whether the force used was reasonable and in failing to instruct the jury that taking Bergstralh to jail was not a necessary element of the arrest. Bergstralh did not specifically assert these errors in the district court proceedings. *See* Fed.R.Civ.P. 51; Sears v. Southern Pacific Co., 313 F.2d 498, 505 (9th Cir. 1963).

■ Bergstralh's remaining allegations of error are without merit. The court did not err in refusing to give a specific instruction that, in some circumstances, no force at all is necessary for an arrest since its instruction on reasonable force was sufficient to alert the jury to that possibility. The court also did not err in instructing the jury that reasonable force is determined by what force Lowe believed was necessary because the court expressly stated that the test was whether that belief was reasonable under the circumstances. The court adequately distinguished between Lowe's belief and whether that belief was reasonable.

Affirmed.

CHAMBERS, Circuit Judge (concurring):

I concur in the result reached by Judge Wallace but for the following reasons.

The vindication of federal rights under 42 U.S.C. § 1983 is to be determined by federal law.[1] See Donovan v. Reinbold, 433 F.2d 738, 742 (9th Cir. 1970). Several arrest cases similar to this case have so held. Sullivan v. Murphy, 156 U.S.App.D.C. 28, 478 F.2d 938, 972

(1973); Martin v. Duffie, 463 F.2d 464, 467 (10th Cir. 1972); Anderson v. Haas, 341 F.2d 497, 499 (3d Cir. 1965); see Mueller v. Powell, 203 F.2d 797, 800 (8th Cir. 1953). As stated by the Supreme Court in McNeese v. Board of Education, 373 U.S. 668, 674, 83 S.Ct. 1433, 1437, 10 L.Ed.2d 622 (1963):

"Nor is the federal right [to be redressed under § 1983] in any way entangled in a skein of state law that must be untangled before the federal case can proceed. For petitioners assert that respondents have been and are depriving them of rights protected by the Fourteenth Amendment. It is immaterial whether respondents' conduct is legal or illegal as a matter of state law."

But that general rule does not resolve this case. A judgment of the district court which is correct must be upheld on appeal even if it was not decided on the best grounds. Brizendine v. Visador Co., 437 F.2d 822, 829 (9th Cir. 1971); Tanimura v. United States, 195 F.2d 329, 330 (9th Cir. 1952). The application of federal law by the district court would have mandated the result which it reached using state law.

The dissenter characterizes the issues of good faith and probable cause as defenses for which the burden of proof is borne by the defendants, but the analysis does not seem to consider the distinction between this case and the cases such as Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The difference is that which must be shown in order to establish a prima facie case. In cases such as *Pierson* the plaintiff is able to establish a prima facie case without reference to probable cause because the violation of a constitutional right results from an arrest for violation of an unconstitutional law. In the present context the violation of a constitutional right results, if at all, from an arrest without legal justification. The proper

---

1. "This is not to say that federal courts do not look to state decisions in formulating a federal standard in civil rights actions. The important point is that federal courts are not bound by the decisions of the state court . . . ." Martin v. Duffie, supra, 463 F.2d at 468.

resolution of the good faith and probable cause issues in cases involving arrests allegedly made without legal justification was demonstrated in Martin v. Duffie, supra, 463 F.2d at 469:

"It is true that the burden was on the plaintiff to establish an invasion of his rights: an unlawful arrest. He did so by showing arrest and confinement without a warrant and without other justification. The plaintiff having established a prima facie case, the initiative passed to the defendant to go forward with evidence showing justification. Ultimately the plaintiff had what is often described as the risk of nonpersuasion on the issue of lack of probable cause . . . [6]"

"6. We are mindful that there may be instances in which the plaintiff's evidence itself creates an issue of fact, but this is not one of them . . . "

In this case Bergstralh not only failed in his burden but his evidence established the existence of probable cause for the arrest.[2] The withdrawal of that issue from the jury was therefore proper.

HUFSTEDLER, Circuit Judge (dissenting):

The key issue is whether the district court erred in ruling as a matter of law that Bergstralh had failed to make a prima facie showing that he had been illegally arrested. The district court took the probable cause issue from the jury on two grounds: (1) Under Oregon law, applicable to this civil rights action, Bergstralh's conviction for resisting arrest created a presumption that the arrest was supported by probable cause, absent proof that the conviction was obtained by fraud, perjury, or other corrupt means, and (2) testimony of some of Bergstralh's witnesses would have supported a finding of probable cause. Neither ground is sustainable.

As my brother Chambers recognizes, the Oregon presumption, if any there be,[1] cannot be applied to the federal right here asserted. He asserts, however, that the district court's erroneous reliance on the presumption was harmless error because Bergstralh did not prove a prima facie case of illegal arrest under federal law standards. We cannot be sure that the district court would have taken the issue from the jury had it been aware that the Oregon law was inapplicable—although the record strongly indicates that it would not have done so; therefore, we cannot properly say that the error was harmless.

Even if the district court had completely disregarded the presumption, the record does not support the removal of the issue from the jury. This case presents the situation described in the footnote that my brother Chambers quotes from Martin v. Duffie (10th Cir.

---

2. The district judge's admonition to Bergstralh that he was ignoring the testimony of his own witnesses that established probable cause for the arrest demonstrates that the judge may indeed have applied the proper federal standards in reaching his decision.

1. The district court concluded that Oregon had adopted Restatement of Torts § 667. Section 667 states that, in a malicious prosecution action probable cause is to be presumed from proof of the fact that the arrestee was convicted of the offense for which he was arrested, absent proof of taint in obtaining the conviction. The district court's conclusion was based on Hryciuk v. Robinson (1958), 213 Or. 542, 326 P.2d 424. Hryciuk held that commitment by a magistrate was prima facie evidence of probable cause to arrest in a malicious prosecution action; it distinguished Trullinger v. Dooly

& Co. (1928), 125 Or. 269, 266 P. 909 which held that proof of conviction was conclusive proof of probable cause in a malicious prosecution action. The vitality of Trullinger is dubious, but even if Trullinger survives, neither that case nor Hryciuk adopted section 667. To the extent that Trullinger is the law of Oregon, it is an adjunct of its substantive law of malicious prosecution; it is not a part of the Oregon law of arrest. The effect of the presumption is to foreclose recovery for malicious prosecution, even if the arrest was without probable cause, when that arrest was followed by a conviction that is immune from attack on the specified grounds. Moreover, neither Oregon law nor the Restatement purported to formulate a rule applicable to a cause of action that resembles a federal civil rights action.

1972) 463 F.2d 464, 469 n. 6: "[T]here may be instances in which the plaintiff's evidence itself creates an issue of fact. . . ."[2] Bergstralh was arrested without a warrant, and no justification for the arrest existed unless he had committed a misdemeanor in the arresting officer's presence. The only misdemeanors that appear to have been potentially in that category were Bergstralh's throwing bottles into the street and his resistance to an arrest accomplished without excessive force. The testimony on both the bottle episode and the amount of force used to arrest him was conflicting. None of the evidence was inherently incredible. The conflicts were of the garden variety that are the common accompaniment of the testimony of eye witnesses who perceive and recall the same event differently. Resolution of those conflicts was a task for the jury.

I would reverse and remand for a new trial.

---

**2.** The court in *Martin* held that the plaintiff's proof of a warrantless arrest, the officers' fruitless prior searches, and the subsequent filing of charges later dismissed established prima facie want of probable cause. The plaintiff was not required "to search out the subjective viewpoints of the arresting officers in a quest for information as to whether probable cause in a practical sense existed." (463 F.2d at 468.) "[G]ood faith and probable cause [are] defenses," and are so characterized in Pierson v. Ray (1967) 386 U.S. 547, 87 S.Ct. 1213, 18 L. Ed.2d 288 (463 F.2d at 468.) Our problem did not arise in *Martin* because the evidence in the plaintiff's case-in-chief was not conflicting, and the trial was without a jury.