24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leroy E. BECKER; Beverly A. Becker, Plaintiffs-Appellants,
v.
Stanely CRESS; Veral Tarno; Craig Zanni; Lisa Wampole;
Coos County, Defendants-Appellees.
Leroy E. BECKER; Beverly A. Becker, Plaintiffs-Appellants,
v.
Stanley CRESS; Veral Tarno; Craig Zanni; Lisa Wampole;
Coos County, Defendants-Appellees.
 Nos. 92-36681, 93-35291.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1994.*
Decided April 20, 1994.
 
 Before: BROWNING, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Beckers failed at trial to allege error in the jury instructions or the district court's decision to submit the issues of unlawful entry and arrest to the jury. Nor did they move for judgment as a matter of law. Thus, the district court did not abuse its discretion by denying motions for judgment notwithstanding the verdict or a new trial on the basis of these alleged errors. See Fed.R.Civ.P. 50.
 
 
 3
 Because the Beckers failed to object to the defendants' closing argument at any point below, we review only for plain error. United States v. Sehnal, 930 F.2d 1420, 1426 (9th Cir.1991). We don't find that the defense lawyer's attempt to communicate "reasonable expectation of privacy" to the jury through an "underwear test" (i.e., was the interior of the house visible from the outside?), ER 96-2--96-4, rose to the level of a "highly prejudicial error affecting substantial rights," United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992).
 
 
 4
 The Beckers stand on firmer ground when they claim that the district court should not have dismissed their state law claims. Nevertheless, these claims are now precluded by the jury's findings on the 42 U.S.C. Sec. 1983 claim. See Montana v. United States, 440 U.S. 147, 153-54 (1979). To resolve the unlawful arrest claim, the jury made factual findings from which the court concluded that Deputy Cress had probable cause to arrest Becker. See State v. Morgan, 806 P.2d 713, 714 (Or.Ct.App.1991); ER 77-47--77-48. This finding precludes the Beckers from proving malicious prosecution, which requires a showing that the defendant acted without probable cause. Rogers v. Hill, 576 P.2d 328, 331-32 (Or.1978); ER 77-29. The claims of false arrest and false imprisonment are similarly precluded by the jury's finding that the arrest was lawful, see O'Brien v. Eugene Chemical Exports, Inc., 664 P.2d 1106, 1107 (Or.Ct.App.1983), and the assault claim is barred by the finding that Cress did not use excessive force, Gigler v. City of Klamath Falls, 537 P.2d 121, 126 (Or.Ct.App.1975). Their claim for intentional infliction of emotional distress is precluded because Oregon law predicates that claim on a finding of extreme and outrageous conduct, Meyer v. 4-D Insulation Co., 652 P.2d 852, 853 (Or.Ct.App.1982), which the jury found lacking in this case.[1] Nor can the Beckers' trespass action be reinstated since the Oregon courts have held that approaching someone's front door and knocking doesn't constitute trespass unless the resident has evinced a desire to exclude visitors. State v. Hitesman, 833 P.2d 306, 308-09 (Or.Ct.App.1992). Because none of these state law claims against the individual defendants can be maintained, a fortiori, the Beckers cannot maintain claims for respondeat superior liability.
 
 
 5
 The Beckers also allege error in the dismissal of several defendants. However, the Beckers' counsel requested the dismissal of defendants Greene, Zanni and Wampole, ER 80-2, and agreed that Sheriff Tarno and Coos County should be dismissed from the section 1983 claims, ER 77-21. If the court erred in dismissing these two defendants from the state law claims, our resolution of the state law issues renders these dismissals harmless. Fed.R.Civ.P. 61.
 
 
 6
 The Beckers raise a number of other issues which were properly resolved by the district court. The burden of proof to show a reasonable expectation of privacy and unlawful arrest and entry was properly placed on the Beckers. See Bergstralh v. Lowe, 504 F.2d 1276, 1280 (9th Cir.1974) (Chambers, J., concurring) (applying Oregon law). The district court also did not abuse its discretion in refusing to admit Mr. Foster's testimony as to his wife's statements. That's classic hearsay barred by Fed.R.Evid. 802, as the Beckers' counsel admitted. Tr. at 8 (5/20/92).
 
 
 7
 The district court also did not err in denying the Beckers' motion for relief from judgment under Fed.R.Civ.P. 60(b)(3). Inconsistent testimony by a witness is not the type of fraud upon the court that could reopen a judgment. See Kolstad v. United States, 262 F.2d 839, 843 (9th Cir.1959). Cress's testimony should have been challenged through cross-examination and impeachment during trial, not a Rule 60(b)(3) motion afterwards. His credibility as a witness was a question of fact properly before the jury. See United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989).
 
 
 8
 Finally, there is no right to effective assistance of counsel in civil cases. Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990). In any case, the Beckers' counsel appears to have performed satisfactorily.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While Cress's personnel record might have been relevant to show intent or state of mind on the intentional infliction of emotional distress claim, the dismissal of the emotional distress claim made this evidence irrelevant. To the extent the Beckers appeal this evidentiary ruling, we find it harmless. Fed.R.Civ.P. 61