Argued and submitted April 30, reversed and remanded October 8, 2008

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# EUGENE V. KOROTEEV,
*Defendant-Appellant.*

Multnomah County Circuit Court
050545709; A132358

194 P3d 842

Brandon G. Williams, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Michael R. Washington, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

## ROSENBLUM, J.

Defendant appeals a judgment of conviction for possession of a controlled substance, *former* ORS 475.992(1) (1995), *renumbered as* ORS 475.840 (2005), assigning error to the trial court's denial of his motion to suppress. He argues that the arresting officer lacked probable cause to believe that he was engaged in committing the crime of attempted theft when the officer observed him under the hood of a car, and that the trial court therefore erred in admitting evidence discovered as a result of an unlawful arrest. We conclude that defendant's arrest for attempted theft was not supported by probable cause. Accordingly, we reverse.

The relevant facts are not in dispute. At about 4:00 p.m. on May 3, 2005, Officer Luiz of the Portland Police Department received a police dispatch call stating that a caller had reported a "theft in progress from a vehicle in a parking lot" of a nearby apartment complex. The police dispatcher provided a description of the vehicle and its location in the parking lot and told Luiz that there was an individual under the hood of the car. Apparently, Luiz did not know whether the caller had identified herself to the police dispatcher, and there is no indication in the record of any such identification.

Luiz drove to the apartment complex and encountered a small group of people who pointed in the direction of a vehicle with a person under the hood. Luiz observed defendant "manipulating cables in the engine compartment of the vehicle." Defendant was the only person that Luiz observed under the hood of a vehicle in the parking lot. The location and description of the vehicle were consistent with the information provided by the police dispatcher.

Based on the information obtained from the police dispatcher and his subsequent observations, Luiz testified that he believed defendant was attempting to steal something from underneath the hood of the vehicle. He also acknowledged that, without first questioning the man or the group of people pointing toward him, he approached defendant and immediately took him into custody. While conducting an inventory of defendant's possessions, Luiz found a

used syringe with visible brown residue in defendant's pocket.[1] He proceeded to read defendant his *Miranda* warnings and asked him what was in the syringe. Defendant responded, "Heroin."

Luiz next spoke with the group of people who had pointed toward defendant when Luiz first drove into the apartment complex. During that conversation, he identified one member of the group as the owner of the vehicle and as the caller who had originally contacted the police. Luiz cited defendant for possession of a controlled substance and released him from custody. Defendant was not charged with attempted theft.

Before trial, defendant moved to suppress all of the physical evidence and statements resulting from the arrest and subsequent inventory. Defendant asserted that Luiz lacked probable cause to believe that he was attempting to commit a crime and, therefore, that he had no authority to conduct a search or inventory. The trial court acknowledged that it was a close case, concluding,

> "All the cases that I've looked at are reasonable suspicion or stop cases, so they are helpful, but there is no case that I found that is directly on point for, for probable cause. So it is a, it is a close case.

> "And in close cases, I, I think it's sometimes best to take a step back and think of it in a common sense manner. And when I look at it that way, it seems to me that the defendant—the officer has probable cause to believe there is a theft being committed, when he's gotten a call about a theft in a specific place at a specific parking lot, a specific car with a specific person under the hood, and he arrives and has three or four people directing him directly to that person. Is it more likely than not that that person is engaged in theft?

> "And I think, when I look at it that way, I think it is."

---

[1] The Portland Police Bureau has a mandatory inventory policy, under which an officer must inventory an individual's possessions after arrest and before being placed in a police car. Luiz testified that, at the time of arrest, he intended to put defendant into his car and, therefore, was required to inventory defendant's possessions.

The trial court denied the motion to suppress. Following a stipulated facts trial, defendant was convicted of possession of a controlled substance.

■       On appeal, defendant renews his argument that Luiz lacked probable cause to believe that defendant was attempting to steal something from the car at the time of his arrest. Defendant asserts that Luiz's subjective belief was objectively unreasonable because it was based on an unnamed informant's report that was not sufficiently corroborated by Luiz before he arrested defendant. The state responds that the trial court correctly denied the motion to suppress, arguing that Luiz's belief that defendant was committing the crime of attempted theft was reasonable based on what he knew at the time that he arrested defendant.

■ ■       We review the denial of a motion to suppress for errors of law. *State v. Haney*, 195 Or App 273, 277, 97 P3d 1211, *adh'd to on recons*, 196 Or App 498, 103 P3d 108 (2004). Our sole task here is to review the trial court's conclusion that there was probable cause to arrest defendant for attempted theft. *State v. Miller*, 157 Or App 489, 492, 972 P2d 896 (1998), *rev den*, 328 Or 365 (1999). Probable cause to arrest exists if there is an objective basis for believing that it is more likely than not that the person is committing or has committed an offense. In addition to there being an objective basis, the arresting officer must possess a subjective belief that he or she has lawful authority to restrain the individual's liberty. ORS 131.005(11); *State v. Miller*, 345 Or 176, 185, 191 P3d 651 (2008).

Defendant does not contest that Luiz had a subjective belief that defendant was committing the crime of attempted theft; we agree that Luiz believed that defendant was attempting to steal something from the car. Accordingly, we turn to whether the subjective belief was objectively reasonable. We conclude that it was not.

The reasonableness of Luiz's belief is diminished by the conclusory nature of the caller's description of defendant and his conduct. Neither the unidentified caller nor the persons who pointed toward defendant indicated how—or why—they apparently had determined that he was committing a crime. The caller's factual description of the alleged criminal

conduct was simply her observation of defendant under the hood of a car. No facts were reported by the caller—nor stated by any of the bystanders before defendant's arrest—bearing upon the identity of the owner of the car or whether defendant had permission to be under its hood.

As defendant asserts, our decision in *State v. Morgan,* 106 Or App 138, 806 P2d 713, *rev den,* 312 Or 235 (1991), is particularly pertinent. In *Morgan,* the officer received a report from a named informant that "there was possibly a person taking a person from a car or putting a person into a car at gunpoint at the east end of the Hawthorne bridge." 106 Or App at 140. When the officer stopped the car that the informant had described, none of the people in the car made any complaint about kidnapping or any other criminal activity by the driver of the car, yet the officer arrested him and searched the car. We held that the defendant's arrest was not supported by probable cause, in part because the information provided by the informant and upon which the arresting officer relied did not clearly indicate that a crime was being committed. *Id.* at 142. In most instances, it is not a crime to possess a gun in the presence of other people; the defendant's conduct was criminal only if he was using the gun to force someone into his car.

Here, although it is true that Luiz received a police dispatch call describing a citizen report of a "theft in progress" from under the hood of a vehicle, what he observed at the scene did not corroborate the criminality of defendant's conduct. In broad daylight (4:00 p.m.), he saw a small group of people pointing toward a man under the hood of a car in an apartment parking lot. The man was observed by Luiz to be "manipulating cables." That is all Luiz knew when he placed the man into custody. It is not enough to constitute probable cause to arrest for attempted theft.

In our view, Luiz's observations at the scene failed to add anything to the critical determination of whether the man under the hood was engaged in criminal, as opposed to purely innocent and law-abiding, behavior. Moreover, although the caller was later determined to be the car's owner, nothing in the record suggests that, at the time of defendant's arrest, Luiz knew that the caller was the owner

of the car in question or the apparent victim of an attempted theft. Thus, the information available to Luiz at the time of defendant's arrest did not support an objectively reasonable belief that defendant was committing attempted theft.

Luiz testified that he believed that defendant was attempting to steal something from the car. However, our inquiry is whether the circumstances demonstrated objective probable cause, not whether Luiz had reasonable suspicion. Although Luiz had investigated numerous automobile-related thefts, his conclusory comments fail to demonstrate that, objectively, defendant was probably engaged in criminal conduct. The arrest of defendant was, thus, not supported by probable cause. Having so concluded, we further conclude that Luiz lacked authority to search defendant and inventory his possessions. It follows that the trial court erred in denying defendant's motion to suppress.

Reversed and remanded.