Argued and submitted April 17, reversed and remanded October 2, reconsideration denied December 18, 1991, petition for review denied January 21, 1992 (312 Or 589)

## STATE OF OREGON,
*Appellant,*

*v.*

## NEIL EDWARD NELSON,
*Respondent.*

(T20991C; CA A66847)

817 P2d 1344

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Bruce A. Bass, Hillsboro, argued the cause for respondent. With him on the brief were Michael M. Watkins and Watkins & Bass, Hillsboro.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

*Joseph, C. J., *vice* Newman, J., retired.

**RICHARDSON, P. J.**

Defendant was charged with driving under the influence of intoxicants. ORS 813.010. The court granted his pretrial motion to suppress evidence obtained after the car that he was driving was stopped. The court held that the facts known to the arresting officer did not support a reasonable suspicion that defendant was driving under the influence of intoxicants. The state appeals, ORS 138.060(3), and we reverse.

At about 2 a.m., Officer Swenson, while on patrol in a marked police car, stopped near a tavern. He saw defendant leave the tavern and walk to his car. The officer testified that it appeared that defendant was having "a little difficulty walking." When the officer pulled into the tavern parking lot, defendant walked away from his own car and began talking to another person. Swenson left the area momentarily and returned, at which time he saw defendant seated in his car. As Swenson approached in his patrol car, defendant got out of his vehicle and went back into the tavern.

Swenson again left the immediate area and positioned his patrol car so that he could see defendant's vehicle without being seen. A few minutes later, defendant came out of the tavern, got into his car and drove out of the parking lot. He drove in the right hand lane at 25 to 30 miles per hour and maintained that speed after the designated speed increased to 45 miles per hour. The area was well illuminated, and traffic was light. A few cars passed defendant's car. The officer characterized defendant's driving as "impeding traffic." When defendant pulled into a parking lot of a convenience market, the officer activated his overhead lights and also pulled into the lot. He contacted defendant and subsequently arrested him for driving under the influence of intoxicants.

■ Defendant agreed at trial and here that, if the stop was lawful under ORS 131.615, the subsequent observations by the officer were lawful and support his arrest. Whether the historical facts are sufficient to give rise to a reasonable suspicion sufficient to justify a stop of defendant's car under ORS 131.615 is a question of law. Only the officer testified and there appears to be no dispute as to the facts. *See State v. Warner,* 284 Or 147, 585 P2d 681 (1978).

■ Under ORS 131.615(1), an officer may stop a person if he "reasonably suspects" that the person has committed a crime. "Reasonably suspects" means that the "officer holds a belief that is reasonable under the totality of the circumstances." ORS 131.605(4). The more precise inquiry here is whether the actions of defendant before the stop were sufficient to arouse a reasonable suspicion in the officer's mind that defendant's mental or physical faculties were affected by intoxicants. The trial court appeared to be concerned whether defendant's driving at a slow pace violated the traffic code, *see* ORS 811.130, as a matter of law. Whether any of defendant's observed behavior violated a statute is not material; what is material is whether the actions could create a reasonable suspicion sufficient to justify a stop under ORS 131.615(1).

■ The officer saw defendant leaving a tavern at 2 a.m. and experiencing difficulty walking. He appeared to avoid being seen driving by the officer on two occasions. It was a reasonable inference that he did not want the officer to see him driving, after he had consumed liquor. When the officer was no longer in sight, defendant drove away. Although he drove at a slow appropriate speed in the area posted 35 miles per hour, he continued at that speed for 5 blocks after the posted speed became 45 miles per hour. That combination of factors supported the stop. The court erred by granting the motion.

Reversed and remanded.