Argued and submitted November 5, 1996, decision of the Court of Appeals affirmed; order of the circuit court reversed, and case remanded to the circuit court for further proceedings March 6, 1997

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## GARY DEAN BELT,
*Petitioner on Review.*

## (CC 93-1257; CA A85851; SC S42856)

932 P2d 1177

Carl R. Amala, Salem, argued the cause for petitioner on review. On the petition was J. P. Harris II, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.

FADELEY, J.

## FADELEY, J.

A police officer stopped defendant's automobile to investigate a report that defendant had violated ORS 167.007(1)(b) by soliciting some women to engage in sexual conduct for a fee. However, based on evidence gathered as a result of the stop, the state charged defendant with other crimes, namely, driving under the influence of intoxicants and being a felon in possession of a firearm.

In the prosecution for those crimes, defendant challenged the lawfulness of the original stop for solicitation of prostitution and moved to suppress all evidence that resulted from it. The trial court granted defendant's pretrial motion to suppress, on the ground that the circumstances attendant to the officer's stop and inquiry about the crime of solicitation were insufficient to support a "reasonable suspicion" that defendant had committed that crime. Therefore, the stop was unlawful, because it was not based on "reasonable suspicion," in the trial court's view. The trial court stated:

> "[T]he court finds that the women's recollection of the statements they attributed to the defendant was not precise. They could only report that the defendant said 'something like' a sentence which, at best, is ambiguous. The court finds that the women's uncertainty about the language actually used by the defendant coupled with a reference to prostitute contact in the military and the invitation of one of the women to dinner *did not provide the officer with* specific articulable *facts which gave rise to the inference that defendant had solicited* any of the women to engage in sexual conduct for a fee." (Emphasis added.)

The state appealed under ORS 138.060(3). The Court of Appeals reversed and remanded the case to the trial court for further proceedings. *State v. Belt*, 137 Or App 440, 445, 905 P2d 862 (1995). For the reasons stated below, we affirm the decision of the Court of Appeals.

On June 8, 1993, the Tillamook County Sheriff's dispatcher informed a patrol officer that four women had stated that a man had offered to exchange money for participation in sexual conduct. The dispatcher directed the officer to meet the women. The women collectively told the officer that

defendant had said to them something like "I've got the money, if you've got the time," and also had told them that he had engaged prostitutes to "relieve" himself while overseas in the military. The women also stated that he had invited one of them to enter the automobile that he was driving and had offered to take one or more of them out to dinner. The women related that they had declined and that defendant had departed, but that he later returned and renewed his efforts to persuade any one of them to drive away with him.

Directing the officer's attention across the street, the women identified a parked automobile as the one driven by the man who they reported was the subject of the events recounted above. When defendant came out of the store and entered the automobile, the women identified him as the man who had approached them. The officer crossed the street to contact defendant "[t]o get his statement of what happened."

As the automobile backed out of a parking space, the officer approached the open driver's side window and spoke to defendant to inquire about defendant's contact with the women. Defendant stopped his automobile. He reparked it at the curb when the officer asked him to do so. At the officer's request, defendant stepped out of his automobile so that they could talk about what the women had said.

Defendant denied having solicited the women for prostitution. However, the officer noticed a strong odor of alcohol on defendant's breath, saw that his eyes were bloodshot, and noticed that his speech was slurred. Defendant mentioned that he had drunk some beer earlier that day. When defendant got out of his automobile at the officer's request, the officer observed that defendant had difficulty keeping his balance. The officer then read defendant his *Miranda* rights. Defendant failed field sobriety tests administered by the officer. The officer arrested defendant for driving under the influence of intoxicants, handcuffed defendant, and placed him in a police automobile. The officer immediately returned to defendant's nearby automobile to look for additional evidence of driving under the influence of intoxicants. When the officer entered the automobile, he saw and seized a rifle.

■ During the suppression hearing, the officer opined that he did not claim to have "probable cause" to arrest defendant for solicitation. That may be, but the officer did not arrest him, he stopped him. Thus, that concession is not dispositive, because the question is the legality of that stop. As this court stated in *State v. Ehly*, 317 Or 66, 80, 854 P2d 421 (1993), "[t]he statutory standard for the stopping and questioning of a person concerning his or her possible criminal activity was intended to be less than the standard for probable cause to arrest."

■ The state conceded at trial, and we agree, that the officer stopped defendant when he asked defendant to repark his automobile and get out of it to answer the officer's inquiry. Statutory law governs the lawfulness of a stop. ORS 131.605(5) provides:

"A 'stop' is a temporary restraint of a person's liberty by a peace officer lawfully present in any place."

■ Statutory law also governs the circumstances under which an investigatory stop is permitted. ORS 131.615(1) states:

"A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

Thus, ORS 131.615(1) permits an officer to stop a person temporarily so that a reasonable inquiry may be made of the person who the officer "reasonably suspects" has committed a crime. Under ORS 131.605(4),

" '[r]easonably suspects' means that *a peace officer holds a belief that is reasonable* under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625." (Emphasis added.)

The text of ORS 131.605(4) requires:

(1)  that the officer "holds a belief" and,

(2)  that that belief must be "reasonable under the totality of the circumstances."

The "holds a belief" element of ORS 131.605(4) requires that the officer subjectively believe that the person stopped has committed a crime. ORS 131.605(4) also requires that the officer's subjective belief be objectively "reasonable under the totality of the circumstances." *See State v. Valdez*, 277 Or 621, 625-29, 561 P2d 1006 (1977) (discussing the objective element of the statutory test for reasonable suspicion).

We think that, in the light of the foregoing legal standards, the issue of law presented is whether the information known to the officer at the time of the stop was sufficient as a legal matter to support a reasonable suspicion that defendant had committed the crime for which the officer stopped him for the purpose of making inquiry. ORS 131.615(1). We turn to a review of those circumstances in light of defendant's arguments.

Defendant argues that the Court of Appeals erroneously inferred from the circumstances known to the officer that the officer had formed the statutorily required subjective belief that defendant had committed a crime. Defendant argues that, if no *direct* evidence establishes that an officer "holds a belief" that a crime has been committed, the trier of fact *cannot* infer that belief from other facts. Thus, defendant proposes that, as a matter of law, an inference cannot establish whether an officer subjectively "holds a belief" that a defendant has committed a crime. According to defendant, direct testimony of an officer's subjective belief is the sole means of proving that necessary element of the reasonable suspicion required to justify a stop.

Defendant's argument is not well taken. In *Ehly*, the court stated that "[w]hether the suspicion is reasonable often will depend on the inferences drawn from the particular circumstances confronting the officer." 317 Or at 80. Those factual circumstances—a dispatch to investigate a solicitation complaint and a report from four women that defendant repeatedly had accosted them in a manner that may suggest a desire to exchange money for sex—are sufficient to permit the inference that the officer suspected that defendant had committed a crime.[1] The officer's conduct after complainants

---

[1] The officer testified specifically to all those circumstances.

so informed him demonstrates a choice to approach and question defendant about the situation. When, as here, no evidence provides a contrary explanation of that conduct, the conduct supports the inference that the stopping officer subjectively believed what the statute requires. As a matter of law, such an inference is available for use in this case.

■    Defendant separately contends that permitting such an inference is contrary to the requirement that a "stop" also be predicated on the objective reasonableness of the stopping officer's subjective belief. The issue raised by that phase of defendant's argument is whether, as a matter of law, the evidence in this case is sufficient to support a *reasonable* officer's drawing an inference that defendant may have committed a specific crime.

■    To address that reasonableness issue, we review the officer's testimony at the suppression hearing. The purpose of that review is to determine whether the officer pointed to specific and articulable facts that are sufficient as a matter of law to give rise to an inference that a *reasonable* officer would hold the required subjective belief. *Ehly*, 317 Or at 80. *See State v. Nelson*, 109 Or App 97, 99, 817 P2d 1344 (1991) (whether facts are sufficient to cause reasonable suspicion sufficient to justify a stop is a question of law), *rev den* 312 Or 589 (1992).

■    Reviewing that testimony, the trial court concluded, we think as a matter of law, that the evidence of facts presented in the case is insufficient to support the officer's making the inference that defendant committed the crime of solicitation. Whether evidence presented in a case is *sufficient* to support an inference is a matter of law, not a question of fact. As ORS 41.010 provides:

> "Judicial evidence is the means, sanctioned by law, of ascertaining in a judicial proceeding the truth respecting a question of fact. Proof is the effect of evidence, the establishment of the fact by evidence."

The "sanctioned by law" provision in ORS 41.010 states a requirement, as applied to the present case, that sufficient evidence supports the inference of the officer's subjective belief.

Pursuing the inquiry whether the evidence is sufficient to support a reasonable officer's making the required inference as a matter of law, we summarize the information known by the officer as follows: A dispatcher directed the officer to meet with four women; the dispatcher informed him that the women reported that a man had attempted to solicit them; the officer met with the women, who told the officer that defendant had approached them and said something like "I've got the money, if you've got the time." The women reported that defendant also had informed them that defendant had visited prostitutes in the past and had twice tried to get at least one of the women to leave with him for dinner.

When an inference is logically sound, based on presence of sufficient evidence to permit it, the inference becomes available for use as a matter of law, and the finder of fact may find thereby that the inferred fact is present. *See* Laird C. Kirkpatrick, *Oregon Evidence*, 90-91 (3d ed 1996) (stating principle). Where, as here, the trier of fact declines to make a finding concerning the presence or absence of the "reasonably holds a belief" element, because that court rules that an inference is not legally permissible, a reviewing court may review that legal conclusion and correct it if it is erroneous.

We previously have summarized the information known to the officer. We hold that, "under the totality of the circumstances existing at the time and place," ORS 131.605(4), an officer reasonably could hold the required subjective belief based on objective information available to him that the crime of solicitation had occurred. The circumstances, including the items of information that the officer undeniably knew, are sufficient as a matter of law to support an objectively "reasonable" suspicion. The trial court erred when it ruled as a matter of law that the circumstances did not sufficiently support the inference to permit its use to supply that statutorily required element of the officer's belief.

Finally, defendant argues that the Court of Appeals erred as a matter of law by deviating from the factual findings of the trial court. As this court stated in *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968):

> "What actually transpired is a question of fact for the trial court or jury. If the evidence sustains such historical factual findings they will not be disturbed by this court."

■ That formulation includes, as a question of law stated in the conditional clause of the second sentence, whether the evidence presented is sufficient to support the state of facts found. Defendant argues that the facts found by the trial court include that the facts of the case do not produce a reasonable suspicion that a crime has been committed. However, the part of the trial court's ruling on which defendant relies rests on the trial court's legal conclusion that, in the circumstances of this case, no inference may arise to support a subjective belief that defendant committed the crime of solicitation. We already have discussed and overruled that legal conclusion. Although bound by the trial court's findings of historical facts that sufficient evidence in the record sufficiently supports, *State v. Bost*, 317 Or 538, 541, 857 P2d 132 (1993), appellate courts are not bound by the trial court's legal conclusions, *State v. Jacobus*, 318 Or 234, 240, 864 P2d 861 (1993).

The Court of Appeals correctly determined that the evidence adduced in the trial court is sufficient as a matter of law to support a "reasonable suspicion," as ORS 131.605(4) defines that term, *i.e.*, the evidence is legally sufficient to support an inference that an officer holds a subjective belief that is reasonable under the circumstances as to a specific defendant and crime. The trial court's legal conclusion to the contrary is error requiring that the case be remanded to apply the correct legal standards to the evidence available to it when finding facts.

The decision of the Court of Appeals is affirmed. The order of the circuit court is reversed, and the case is remanded to that court for further proceedings.