Argued and submitted July 29, reversed and remanded with instructions
November 25, 1998

## STATE OF OREGON,
*Appellant,*

*v.*

## CHRISTOPHER MAYNARD BICKFORD,
*Respondent.*

(Z397321; CA A97503)

970 P2d 234

Ann Kelley, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Kimi Nam, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

The state appeals a pretrial order suppressing evidence in the prosecution of defendant for driving under the influence of intoxicants (DUII). ORS 813.010. The state assigns error to the trial court's finding that the officer lacked subjective probable cause to arrest defendant. Because the trial court's finding was based on an incorrect legal standard, we reverse and remand.

On November 16, 1996, Officer Maul cited defendant for driving under the influence of intoxicants (DUII). Defendant filed a motion to suppress any evidence regarding the field sobriety tests (FSTs) and the Intoxilyzer test. At the suppression hearing, Maul testified to the following: At 1:45 a.m., a seemingly high traffic time for DUIIs, Maul noticed defendant driving 15 miles per hour under the speed limit and weaving within his lane. This gave Maul "concern" that defendant was impaired. Defendant then signaled less than 20 feet before turning onto another street. Maul pulled defendant over, intending to cite him for failing to signal 100 feet before a turn and to investigate defendant's "odd driving." As Maul approached defendant's truck, defendant stepped out and "wobbled." Defendant's eyes were watery and red, and he looked shocked and confused. Maul explained that defendant's lack of balance, bloodshot eyes, and apparent confusion indicated that defendant was alcohol impaired. Maul asked defendant to get back in the truck. When defendant had trouble doing so, Maul asked him if he had been drinking, and defendant responded that he had consumed two beers earlier.

At that point, Maul "had some real concerns that [defendant] might have been driving under the influence," and he asked defendant to come to the back of the truck so they could talk further. Defendant complied and seemed more stable as he got out of the truck; however, defendant's walk was unbalanced, and he still looked confused. Maul then read defendant his *Miranda* rights, but he testified that defendant was not under arrest at that time. Maul explained that he "had some real concerns and * * * wanted to give [defendant] an opportunity to either substantiate [Maul's]

concerns or alleviate them." Maul then asked defendant to perform some FSTs, which defendant refused. Maul testified: "Based on the observations I already did, I placed him under arrest for" DUII. Those observations included "slurred speech, unsure balance, confused, unsure footing, the odd driving, driving too slow, [weaving] within the lane, failing to signal, [defendant's] confused look, and the fact that [defendant] admitted to consuming some alcohol earlier that night." Maul described defendant's level of intoxication as "[o]bvious. I could tell when I put defendant in the car that I thought he was impaired from drinking alcoholic beverages."

Following defendant's arrest, he was taken to the police station where he agreed to take an Intoxilyzer test from Officer Powell. Defendant's test exceeded the legal limit for blood alcohol. During that time, defendant made additional admissions concerning the number of alcoholic drinks he had consumed.

The trial court found both officers credible and made findings of fact consistent with Maul's testimony. The trial court held that those facts "clearly established an objective basis for Officer Maul having probable cause to believe that defendant was under the influence of the intoxicants." The court then explained that under *State v. Owens,* 302 Or 196, 204, 729 P2d 524 (1986), Maul must have both objective and subjective probable cause for arrest. The trial court concluded that the state failed to prove subjective probable cause because there was "no testimony in the record of subjective belief by [Maul]" that defendant was under the influence of intoxicants before Maul asked defendant to perform the FSTs. The trial court concluded that Maul impermissibly used defendant's refusal to perform the FSTs to establish probable cause. *See State v. Gilmour,* 136 Or App 294, 299, 901 P2d 894, *rev den* 322 Or 360 (1995) (refusal to consent to FSTs cannot be used to establish probable cause).

On appeal, the state argues that the trial court applied an incorrect rule of law to determine whether Maul had subjective probable cause before defendant refused to perform the FSTs. The state argues that the trial court based its determination on incorrect legal assumptions, *i.e.,* the court was precluded from *inferring* subjective probable cause

from the facts in the record, and the officer had to include "magic words" in his testimony explicitly stating his "belief" that defendant was intoxicated. Defendant responds that the trial court made a factual finding that is supported by evidence in the record, and we, therefore, are bound by that finding. We review whether the trial court correctly applied the legal principles to the facts. *State v. Davis,* 295 Or 227, 238, 666 P2d 802 (1983), and in doing so, we agree with the state.

Subjective probable cause means that the officer believes that it is more likely than not that defendant committed an offense. *State v. Wetzell,* 148 Or App 122, 125, 939 P2d 106, *rev den* 325 Or 621 (1997). Therefore, if the only evidence is that the officer had a "mere suspicion" or felt there was only a "possibility" that the offense was committed, the officer lacks subjective probable cause. *Id.* at 127; *State v. Demus,* 141 Or App 509, 513, 919 P2d 1182 (1996); *Winroth v. DMV,* 140 Or App 622, 628, 915 P2d 991 (1996). However, we have never required the officer to utter any "magic words" to convey subjective probable cause. *See State v. Nagel,* 320 Or 24, 32, 880 P2d 451 (1994) (officer's testimony that "based on his observations" officer would have arrested defendant helped support finding of subjective probable cause); *Wetzell,* 148 Or App at 126 (officer's testimony that there was "a good chance" defendant was intoxicated helped support finding of subjective probable cause). Rather, "if a subjective belief reasonably may be inferred from the circumstances," we will not require specific testimony that the officer believed there was probable cause. *State v. Koester,* 117 Or App 139, 145, 843 P2d 968 (1992), *rev den* 315 Or 644 (1993).

The circumstances from which probable cause may be reasonably inferred include the objective facts of defendant's conduct, the officer's knowledge at the time, the officer's expertise or experience, and the conduct of the officer, including the officer's choices and manner of investigation.[1] *See State v. Belt,* 325 Or 6, 11-12, 932 P2d 1177 (1997) (conduct of officer relevant to finding probable cause); *State v.*

---

[1] The state argues that an officer's choice to make an arrest is conduct from which a trial court may infer subjective probable cause. We do not agree with this proposition. If a trial court could infer subjective probable cause *from* the arrest, we would never need to inquire into subjective probable cause *for* the arrest.

*Blount,* 143 Or App 582, 587, 924 P2d 860, *rev den* 324 Or 488 (1996) (training and expertise of officer relevant to finding subjective probable cause); *Koester,* 117 Or App at 144 (officer's knowledge of situation and manner in confronting defendant relevant to finding subjective probable cause). The officer's conduct or testimony must indicate that the officer believed that it was more probable than not that the defendant committed the offense. *Belt,* 325 Or at 11-12; *see also State v. Morgan,* 106 Or App 138, 142, 806 P2d 713, *rev den* 312 Or 235 (1991) (no probable cause where officer stated that, at the time he placed defendant in the car, he was still investigating and did not believe he had probable cause).

The finding of subjective probable cause is a question of fact to be determined by the totality of the circumstances. Because the trial court's analysis was predicated on the erroneous presumption that subjective probable cause had to be shown by testimony, we reverse and remand to the trial court with instructions. *State v. Bernson,* 93 Or App 115, 122, 760 P2d 1362, *rev den* 307 Or 246 (1988).

Reversed and remanded with instructions for trial court to enter findings on subjective probable cause: If trial court finds that officer had subjective probable cause that defendant was intoxicated before defendant refused to perform field sobriety tests, it shall enter an order denying defendant's motion to suppress. If trial court finds that officer did not have subjective probable cause, it shall reinstate order of suppression.