Argued and submitted August 5, 1998, reversed and remanded January 20, 1999

## STATE OF OREGON,
*Appellant,*

*v.*

## JOHN L. DOLAN,
*Respondent.*

### (CR95-51184; CA A100590)

973 P2d 370

Holly A. Vance, Assistant Attorney General, argued the cause for appellant. With her on the brief were Cynthia A. Hicks, Assistant Attorney General, Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Diane L. Alessi, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E. Groom, Public Defender.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* Riggs, P. J., resigned.

## WOLLHEIM, J.

The state appeals a pretrial order granting defendant's motion to suppress evidence from field sobriety tests. The order was based on the trial court's finding that in administering the tests, the police officer unlawfully expanded the scope of his investigation in violation of ORS 810.410 (1995).[1] We review the trial court's order for errors of law, ORS 138.220, and reverse and remand.

We take the relevant facts from the trial court findings. In October 1995, Officer Mason observed defendant's vehicle traveling 40 miles per hour in a 25 miles per hour zone. The officer also saw the vehicle cross the center line, then weave back into its own lane. As a result of the two traffic infractions, Mason stopped defendant. While securing defendant's driver's license and registration, the officer detected a moderate odor of alcohol coming from defendant's vehicle. When Mason asked if defendant had been drinking,

---

[1] All references to ORS 810.410 are to the 1995 version of that statute, which provided:

"(1) A police officer may arrest or issue a citation to a person for a traffic crime at any place within or outside the jurisdictional authority of the governmental unit by which the police officer is authorized to act as provided by ORS 133.235 and 133.310.

"(2) A police officer may issue a citation to a person for a traffic infraction at any place within or outside the jurisdictional authority of the governmental unit by which the police officer is authorized to act when the traffic infraction is committed in the police officer's presence or when the police officer has probable cause to believe an offense has occurred based on a description of the vehicle or other information received from a police officer who observed the traffic infraction from a train or an aircraft.

"(3) A police officer:

"(a) Shall not arrest a person for a traffic infraction.

"(b) May stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation.

"(c) May make an arrest of a person as authorized by ORS 133.310(2) if the person is stopped and detained pursuant to the authority of this section.

"(4) When a police officer at the scene of a traffic accident has reasonable grounds, based upon the police officer's personal investigation, to believe that a person involved in the accident has committed a traffic offense in connection with the accident, the police officer may issue to the person a citation for that offense. The authority under this subsection is in addition to any other authority to issue a citation for a traffic offense."

defendant said that he had. There were no indications that defendant was adversely affected by intoxicants. Mason then asked if defendant would consent to voluntarily take a series of field sobriety tests. Defendant agreed, and after performing the tests, defendant was arrested for driving under the influence of intoxicants (DUII). ORS 813.010.

In February 1996, the trial court granted defendant's motion to suppress evidence from the tests on the ground that Officer Mason had not formed the subjective belief that defendant had been driving under the influence until after the field sobriety tests were completed. The state appealed, and we reversed and remanded. *State v. Dolan*, 147 Or App 724, 938 P2d 245 (1997). On remand, the trial court again granted defendant's motion to suppress, this time on the ground that the field sobriety tests were an unlawful expansion of the traffic stop, violating ORS 810.410. This appeal followed.

The state presents several arguments on appeal, one of which we find dispositive. As a result, we do not address the remaining arguments. The state contends that ORS 136.432 requires admission of the evidence at issue. That statute provides:

> "A court may not exclude relevant and otherwise admissible evidence in a criminal action on the grounds that it was obtained in violation of any statutory provision unless exclusion of the evidence is required by:

> "(1) The United States Constitution or the Oregon Constitution;

> "(2) The rules of evidence governing privileges and the admission of hearsay; or

> "(3) The rights of the press."

ORS 136.432 became effective June 12, 1997, and applies "to all criminal actions pending or commenced on or after December 5, 1996." Or Laws 1997, ch 313, § 8. The state argues that ORS 136.432 applies here. In response, defendant asserts that ORS 136.432 is unconstitutional and incorporates, by blanket reference, constitutional arguments made in previous briefs filed by the State Public Defender. Defendant failed to specify which of those arguments he

intends to incorporate. Without more, we cannot review his arguments. *State v. Fugate*, 154 Or App 643, 963 P2d 686, *adhered to as modified on recons* 156 Or App 609, 969 P2d 395 (1998).

As a result, ORS 136.432 requires the reversal of the trial court's suppression of evidence under ORS 810.410. On remand, the trial court is instructed to make findings and rule on the constitutionality of the officer's actions during the traffic stop. Should the trial court conclude that no constitutional violation occurred, ORS 136.432 requires admission of the excluded evidence. If, however, the court determines that the excluded evidence was derived from a constitutional violation, then it must be suppressed.

Reversed and remanded.