Submitted on remand from the Oregon Supreme Court March 1, reversed and remanded May 1, 2002

## STATE OF OREGON,
*Appellant,*

*v.*

## JOHN L. DOLAN,
*Respondent.*

## CR95-51184; A100590

45 P3d 481

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, Holly A. Vance, Assistant Attorney General, and Cynthia A. Hicks, Assistant Attorney General, for appellant.

David E. Groom, Public Defender, and Diane L. Alessi, Deputy Public Defender, for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

## LANDAU, P. J.

This case come to us on remand from the Oregon Supreme Court for reconsideration in light of *State v. Fugate*, 332 Or 195, 26 P3d 802 (2001). On reconsideration, we adhere to our original decision reversing the trial court's order suppressing evidence of defendant's intoxication and remanding for further proceedings.

We take the facts from our prior decision:

"In October 1995, Officer Mason observed defendant's vehicle traveling 40 miles per hour in a 25 miles per hour zone. The officer also saw the vehicle cross the center line, then weave back into its own lane. As a result of the two traffic infractions, Mason stopped defendant. While securing defendant's driver's license and registration, the officer detected a moderate odor of alcohol coming from defendant's vehicle. When Mason asked if defendant had been drinking, defendant said that he had. There were no indications that defendant was adversely affected by intoxicants. Mason then asked if defendant would consent to voluntarily take a series of field sobriety tests. Defendant agreed, and after performing the tests, defendant was arrested for driving under the influence of intoxicants (DUII)."

*State v. Dolan*, 158 Or App 139, 141-42, 973 P2d 370 (1999).

Defendant moved to suppress the evidence, arguing that, because Mason had not formed a reasonable suspicion that defendant was under the influence of intoxicants until after the field sobriety tests, Mason's request for consent to administer the tests unlawfully expanded the scope of the traffic stop in violation of ORS 810.410. At the hearing on the motion, Mason testified:

Prosecutor: "Based on his driving did you suspect that [defendant] might be under the influence?"

Mason: "I was wondering that, yes."

Prosecutor: "Did you notice any physical characteristics of intoxication when you contacted him?"

Mason: "Not initially. When I contacted [defendant] he had his cellular phone in his hand and he was talking on the cellular phone after he had come to a stop."

Prosecutor: "Did you notice any odor of alcohol coming from him or his vehicle?"

Mason: "Yes, I noticed a moderate odor of an alcoholic beverage coming from the vehicle and [defendant] was the only person in the pickup."

Prosecutor: "Did you suspect that he had been drinking?"

Mason: "Yes, I did."

Prosecutor: "Did you ask him if he had been drinking?"

Mason: "Yes."

Prosecutor: "What was his answer?"

Mason: "He told me he had been drinking."

Prosecutor: "At that point in time did you have a reasonable suspicion he was under the influence?"

Mason: "Yes. I'd say I did."

Prosecutor: "At that point in time did you have probable cause to believe he was under the influence?"

Mason: "No, I don't believe that I did."

On cross-examination, Mason again testified that, when he saw defendant crossing the center line and weaving in his lane, he started to suspect that defendant might be under the influence of intoxicants. The trial court granted defendant's motion, finding that:

"Officer Mason testified that he did not form the subjective belief the defendant had been driving under the influence of intoxicants until AFTER the defendant completed performing the field sobriety tests."

(Uppercase in original.)

The state appealed, asserting that the trial court erred in finding that Mason lacked a subjective belief that defendant had been driving under the influence until *after* the field sobriety tests. In the alternative, the state argued that, even if Mason questioned defendant in violation of ORS 810.410, the trial court erred in suppressing evidence on that

basis, because ORS 136.432 provides that the violation of a statute alone does not warrant suppression of otherwise admissible evidence. We agreed with the state that ORS 136.432 applies and reversed and remanded. *Dolan*, 158 Or App at 143. Defendant petitioned for review.

Meanwhile, in *Fugate*, the Supreme Court concluded that ORS 136.432 cannot constitutionally be applied to crimes committed before its effective date of June 12, 1997. The court then remanded this case for reconsideration in light of *Fugate*.

■ Because the incident giving rise to the offense in this case occurred before June 12, 1997, ORS 136.432 cannot apply. That requires us to address the state's initial argument, that the trial court erred in finding that Mason did not form a subjective suspicion that defendant was driving under the influence until after he had completed field sobriety tests.

■■ ORS 810.410(3) provides, in part:

"A police officer:

"* * * * *

"(b)   May stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

An officer who stops a person for a traffic infraction may broaden the scope of the investigation permitted by ORS 810.410 only if the officer has a reasonable suspicion that the person has engaged in illegal activity other than the traffic infraction. *State v. Aguilar*, 139 Or App 175, 181, 912 P2d 379, *rev den* 323 Or 265 (1996). Reasonable suspicion is defined by ORS 131.605(5) as "a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts." The standard has both a subjective and an objective component. The officer must "subjectively believe that the person stopped has committed a crime," and that belief must be objectively reasonable considering the totality of the circumstances. *State v. Belt*, 325 Or 6, 11, 932 P2d 1177 (1997). Whether the officer subjectively believes that the person has committed a crime is a question of fact. *State v. Gilbertz*, 173 Or App 90, 93, 20 P3d 252

(2001). We are bound by the trial court's findings of fact if there is evidence to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993).

In this case, Mason testified that he did not have *probable cause* to believe that defendant was under the influence until after defendant had completed the field sobriety tests. There is no evidence, however, that Mason did not have a *reasonable suspicion* until then. To the contrary, Mason testified on direct that he suspected that defendant was driving under the influence before he was even stopped, based on defendant's erratic driving. Mason further testified that, *before* he questioned defendant, he suspected that defendant had been drinking. He then specifically testified that, after defendant told him that he had been drinking, he had a reasonable suspicion that defendant had been driving under the influence. And, on cross-examination, Mason repeated that he suspected that defendant had been driving under the influence when he first observed defendant crossing the center line and weaving in his lane.

There is no evidence in the record that Mason did not form a reasonable suspicion that defendant had been driving under the influence until after the field sobriety tests. The trial court therefore erred in suppressing the results of those tests.

Reversed and remanded.