Argued and submitted November 30, 2006, reversed and remanded April 4, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT ARTHUR MILLER,
*Defendant-Appellant.*

Josephine County Circuit Court
02CR0420; A121431

156 P3d 125

Erin G. Rohr argued the cause for appellant. With her on the brief was Chilton, Ebbett & Rohr.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Assistant Attorney General.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Wollheim, Judge.

EDMONDS, P. J.

* Brewer, C. J., *vice* Linder, J.

## EDMONDS, P. J.

Defendant appeals convictions for one count of possession of a precursor substance with intent to manufacture a controlled substance, ORS 475.967, and two counts of manufacture of a controlled substance, *former* ORS 475.992 (1995), *renumbered as* ORS 475.840 (2005). Defendant assigns error to the denial of his motion to suppress evidence of controlled substances and of chemicals used to manufacture methamphetamine that were discovered in a wrecked vehicle and to the imposition of consecutive sentences. We reverse defendant's convictions.

After receiving a call from dispatch, an off-duty Josephine County Sheriff's Deputy responded to the scene of a vehicle that had rolled over on a highway. En route to the scene of the accident, he observed defendant walking along the road about a half mile from where the accident reportedly had occurred. Observing that defendant had debris on his clothing and hair and small cuts, scrapes, and abrasions on his arms, the officer contacted defendant. The officer observed that defendant matched the description that he had been given of the driver of the wrecked vehicle. However, when questioned by the officer, defendant denied that he was the driver and that the vehicle was his. Nonetheless, the officer handcuffed defendant and placed him in the back of another officer's patrol car. Defendant was then transported to the accident scene by the officers. While at the accident scene, he was identified by a third officer as the driver of the vehicle. Among the wreckage of the vehicle was the evidence that led to defendant's convictions.

Defendant moved to suppress the evidence on the basis that his identification as the driver was the product of an unlawful arrest. Specifically, he argued to the trial court, and now argues on appeal, that the officer did not have subjective probable cause to arrest him when he was handcuffed and placed in the patrol car. Indeed, the officer testified that, at the time, "I had reasonable suspicion, but I had not yet reached sufficiently to call it probable cause." However, the trial court found:

"Deputy Hubbard reasonably stopped the defendant as the defendant was walking along the lakeshore. Deputy Hubbard was looking for someone involved in a single car motor vehicle accident[,] and he had a description of the driver of the involved vehicle. The defendant was stopped about a ½ mile from the scene of the accident and matched the description given to Deputy Hubbard. At the scene of the stop, Deputy Hubbard noticed the defendant had debris on his clothing and in his hair; his clothing had oil stains and the defendant had fresh cuts and scrapes consistent with being involved in a traffic accident. The defendant denied involvement in the crash ('it's not my truck') even though the officer didn't mention that the vehicle involved was a truck. Based on the above reasons, this Court finds that the officer had probable cause to arrest the defendant for failure to leave his name at the scene of an accident."

In support of his argument that the trial court should have granted his motion, defendant relies on the officer's testimony. He explains that subjective probable cause is a necessary component of probable cause to arrest and that the record demonstrates that the officer lacked that subjective belief at the time of the arrest. Conceding that there is nothing in the record that shows that the police would have otherwise connected defendant to the wrecked automobile and the evidence found in it if he had not been taken to the accident scene by the officer, the state responds that the officer had probable cause to arrest defendant despite the officer's testimony. It points out that the question of whether a police officer subjectively believes that probable cause for an arrest exists is a question of fact, *see, e.g, State v. Coen*, 203 Or App 92, 103, 125 P3d 761 (2005), *rev den*, 341 Or 141 (2006), and because direct testimony of a subjective belief is not required to prove what the officer believed, the trial court could properly rely on circumstantial evidence in support of its finding. The state concludes, therefore, that because there is evidence to support the trial court's finding that the officer had probable cause to arrest defendant, we are bound on appellate review by that finding.

■     In general, a peace officer is authorized to arrest a person without an arrest warrant when the officer has probable cause to believe that a crime has been committed. ORS 133.310(1). "Probable cause" to arrest exists when "there is a

substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." ORS 131.005(11). "From a constitutional perspective, two components comprise probable cause: '[a]n officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable in the circumstances.'" *State v. Pollock*, 337 Or 618, 623, 102 P3d 684 (2004) (quoting *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986)) (footnote omitted).

■       The state relies, in part, on the holding in *State v. Belt*, 325 Or 6, 932 P2d 1177 (1997). In that case, the officer who had stopped the defendant stated during the suppression hearing that he did not claim to have "probable cause" to arrest the defendant. The court held that concession not to be dispositive because the officer was not deemed to have arrested the defendant; rather, he stopped him pursuant to his authority under ORS 131.615(1). *Id.* at 10. This case presents similar facts, except that the state effectively concedes that defendant was arrested at the time that he was hand-cuffed, placed in a patrol car, and taken to the accident scene.[1] Thus, the issue in this case is whether the officer's testimony that he did not have probable cause to arrest defendant is dispositive, or whether the trial court could properly rely on the surrounding circumstances to infer that the officer subjectively believed that defendant had committed a criminal offense in his presence.

We conclude that the state cannot avoid the legal implication of the officer's admission by relying on the surrounding circumstances to give rise to a contrary inference. In *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986), the court explained the test for subjective probable cause:

> "The test is not simply what a reasonable officer *could have* believed when he conducted a warrantless search or seizure, but it is what this officer actually believed, based upon the underlying facts of which he was cognizant, together with his own training and experience. Neither is the test

[1] ORS 133.005(1) defines an "arrest" to mean the placement of "a person under actual or constructive restraint or to take a person into custody for the purpose of charging that person with an offense."

whether the officer articulates to the suspect the basis for a second ground for arrest. *What is required is that the officer formulate such a basis to himself at the time he acts.*"

(First emphasis in original; second emphasis added.)

■ Thus, generally, it is only when the record is silent as to what an officer actually believed at the time of the arrest that we resort to reasonable inferences based on the officer's conduct and surrounding circumstances to ascertain whether he formulated a probable cause belief at the time that he effected the arrest. For example, where an officer expressly testified that he did not have probable cause to believe that a defendant had committed a crime, we took him at his word. *State v. Morgan,* 106 Or App 138, 142, 806 P2d 713, *rev den,* 312 Or 235 (1991); *see also State v. Koester,* 117 Or App 139, 145, 843 P2d 968 (1992), *rev den,* 315 Or 644 (1993) (holding that it could be reasonably inferred from the officer's conduct that he believed that he had probable cause to arrest the defendant even though he told the defendant that he was not arresting him when he placed the defendant in his patrol car). Here, there is nothing in the record to cast doubt on the intended meaning of the officer's testimony when he testified that he had not yet formulated a probable cause belief at the time of the arrest.

Moreover, the above analysis is not inconsistent with the proposition that, under some circumstances, a court may infer a subjective probable cause belief on the part of the officer. For example, in *State v. Bickford,* 157 Or App 386, 390, 970 P2d 234 (1998), *rev den,* 329 Or 589 (2000), we held that an officer is not required to utter any "magic words" to communicate a belief of subjective probable cause. Rather, "[t]he circumstances from which probable cause may be reasonably inferred include the objective facts of defendant's conduct, the officer's knowledge at the time, the officer's expertise or experience, and the conduct of the officer, including the officer's choices and manner of investigation." *Id.* (footnote omitted). Here, considering all of the above factors, including the officer's disavowal of probable cause, it cannot reasonably be inferred that the officer formulated a subjective belief of probable cause at the time he arrested defendant.

■    Although bound by a trial court's findings regarding historical facts that are supported by the record, appellate courts are not bound by the trial court's legal conclusions. *Belt*, 325 Or at 14. Here, the trial court made an incorrect legal conclusion regarding probable cause based apparently on an inference that it could not reasonably draw from the evidence before it. We therefore conclude that the trial court erred in denying defendant's motion to suppress. We reverse the convictions and, as a result, we need not reach defendant's challenge to the consecutive sentences imposed by the court.

Reversed and remanded.