Submitted March 16, vacated and remanded December 23, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL MARTINEZ,
*Defendant-Appellant.*

Union County Circuit Court
F19464; A154263

365 P3d 659

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

**FLYNN, J.**

Defendant appeals his conviction for unlawful delivery of methamphetamine, ORS 475.890(2), and unlawful delivery of marijuana, ORS 475.860(3). Defendant, who was a passenger in a van that a state trooper stopped for traffic infractions, assigns error to the trial court's refusal to suppress incriminating statements that he made when troopers detained him while they waited for a drug detection dog to inspect the van. Defendant argues that his statements must be suppressed because he was unlawfully seized, in violation of Article I, section 9, of the Oregon Constitution. As explained below, the trial court erred in its analysis of whether defendant's statements were obtained in violation of Article I, section 9, because it failed to determine whether the troopers had reasonable suspicion to lawfully detain defendant. We therefore vacate and remand.

## I. BACKGROUND

We begin by describing the facts pertinent to the traffic stop and detention, which are not in dispute. Trooper Rohlf of the Oregon State Police had received information from another trooper that the van in which defendant was travelling might be transporting illegal narcotics. He spotted the van driving on Interstate 84 and stopped it after he observed two traffic offenses. The van held four occupants, including defendant who sat in a rear passenger seat. Because Rohlf smelled "green marijuana" coming from inside the van, he contacted another trooper to bring a drug detection dog to the scene. While waiting for the dog to arrive, Rohlf directed defendant and the other occupants to stand outside of the van and questioned them separately. In response to Rohlf's questions, defendant admitted that he owned a backpack and duffel bag inside the van and that there was methamphetamine and marijuana in the van. When the dog arrived, it alerted to the presence of drugs in the van. The troopers then searched the van, finding marijuana, methamphetamine, and a digital scale in the backpack and drug packaging material in the duffel bag.

Before trial, defendant filed a motion to suppress all evidence, including his incriminating statements about ownership of the backpack and duffel bag, as well as the

physical evidence discovered during the search of the van. Defendant specifically argued that his incriminating statements must be suppressed because they were obtained while he was seized without reasonable suspicion. The state responded that the search of the van was authorized under the "automobile exception" and that the troopers had reasonable suspicion to detain defendant during the time when he made the incriminating statements.

The trial court denied defendant's motion to suppress. The court concluded that, pursuant to the "automobile exception to the warrant requirement, Trooper Rohlf had probable cause to search defendant's vehicle at the instant he detected the odor of marijuana." The trial court did not separately address the argument that Rohlf lacked reasonable suspicion to lawfully detain defendant. Indeed, the trial court specified, "In light of this determination [that Rohlf had probable cause to search the van], I do not reach the other factors that are mentioned[.]"

## II. ANALYSIS

We review the trial court's denial of the motion to suppress for legal error. *State v. Tovar*, 256 Or App 1, 2, 299 P3d 580, *rev den*, 353 Or 868 (2013). In doing so, we defer to the court's findings of fact as long as they are supported by constitutionally sufficient evidence. *Id.*

On appeal, defendant challenges only the trial court's denial of his motion to suppress the incriminating statements. He concedes that the traffic stop was lawful at the outset, and that the automobile exception to the warrant requirement rendered the physical evidence—*i.e.*, the drug evidence found in the van—admissible at trial. However, defendant asserts that the automobile exception does not resolve the admissibility of his incriminating statements. He argues that his statements must be suppressed because Rohlf did not have reasonable suspicion that defendant, in particular, had committed a drug crime and, thus, unlawfully seized defendant when Rohlf detained and questioned him.

### A. *The Automobile Exception*

We agree with defendant's initial premise that the automobile exception does not apply to his statements to the

trooper. Article I, section 9, guarantees individuals the right "to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]" Under the automobile exception, the mobility of a vehicle, itself, creates an exigent circumstance that justifies a warrantless search of the vehicle "if (1) the police have 'probable cause to believe that [the] lawfully stopped automobile * * * contains contraband or crime evidence' and (2) the automobile is mobile at the time that it is stopped by police." *Tovar*, 256 Or App at 9 (quoting *State v. Brown*, 301 Or 268, 277, 721 P2d 1357 (1986)). While the same circumstances giving rise to probable cause to search the vehicle may also authorize a seizure of occupants of the vehicle, the automobile exception applies only to the search, as *Tovar* illustrates.

In *Tovar*, as here, the defendant was a passenger in a vehicle stopped for a traffic infraction who sought to suppress both physical evidence found in a backpack during a search of the vehicle as well as statements that he made after being directed to step out of the car. We began by emphasizing that we needed to separately consider the different kinds of evidence:

> "We must determine whether each item of evidence that the state seeks to introduce must be suppressed because it was obtained in violation of defendant's rights under Article I, section 9. In doing so, we are mindful of the purpose of Oregon's exclusionary rule, which is to restore a defendant to the same position as if the government's officers had stayed within the law."

*Id.* at 6 (internal quotation marks and citations omitted). We then analyzed the statements separately from the physical evidence. We concluded that the defendant's statements had to be suppressed because they were obtained when the officers unlawfully ordered him to step out of the car and subjected him to a pat-down search, but we allowed the state to rely on the automobile exception to justify the officers' search of the vehicle and admission of the physical evidence they found in the backpack. *Id.* at 7-9. As in *Tovar*, the automobile exception could authorize the search of the van— as defendant now concedes—but the automobile exception did not authorize Rohlf to detain defendant outside of the van.

## B. *Reasonable Suspicion*

As explained above, defendant contends both that the automobile exception does not apply to his incriminating statements and that his statements must be suppressed because Rohlf unlawfully seized defendant when Rohlf detained and questioned him. On appeal, the state does not defend the trial court's assumption that the automobile exception makes defendant's statements admissible. Rather, the state renews its argument that the statements were lawfully obtained because the troopers had reasonable suspicion to lawfully detain defendant during the time when he made the incriminating statements.[1] A police officer may constitutionally seize or stop a person to conduct a criminal investigation when the officer subjectively believes that the person has committed or is about to commit a crime and that belief is objectively reasonable in light of the totality of the circumstances existing at the time of the stop. *State v. Belt*, 325 Or 6, 11, 932 P2d 1177 (1997); *State v. Espinoza-Barragan*, 253 Or App 743, 747, 293 P3d 1072 (2012).

Thus, both parties urge us to decide whether Rohlf had reasonable suspicion that defendant was committing a drug crime. But we cannot resolve that question on the existing record. Although the trial court found that Rohlf "immediately recognized the strong odor of marijuana emanating from the interior of defendant's car on his initial approach," we have noted that the general odor of marijuana in a vehicle does not give rise to objectively reasonable suspicion that a passenger possessed marijuana. *Tovar*, 256 Or App at 13 n 2 (citing *State v. Morton*, 151 Or App 734, 738-39, 951 P2d 179 (1997), *rev den*, 327 Or 521 (1998)). Rather, reasonable suspicion must be based on specific and articulable facts, and "must be 'particularized to the individual based on the individual's own conduct.'" *State v. Farrar*, 252 Or App 256, 260, 287 P3d 1124 (2012) (quoting *State v. Miglavs*, 337 Or 1, 12, 90 P3d 607 (2004)).

---

[1] At least for purposes of appeal, the state does not dispute that Rohlf "seized" or "stopped" defendant when Rohlf removed him from the van. The Supreme Court has explained that "[w]hat distinguishes a seizure (either a stop or an arrest) from a constitutionally insignificant police-citizen encounter is the imposition, either by physical force or through some show of authority, of some restraint on the individual's liberty." *State v. Backstrand*, 354 Or 392, 399, 313 P3d 1084 (2013) (internal quotation marks omitted).

The state points to factors that, it argues, support individualized reasonable suspicion that defendant had committed or was about to commit a crime. But the trial court expressly did "not reach the other factors that are mentioned, specifically the nervousness of the occupants, the smoking upon being stopped, the sores on the driver's face, the number of air fresheners in the car, and conflicting stories about where the occupants were headed." Findings as to the existence of those factors, and the extent to which Rohlf relied upon them to form a reasonable suspicion that defendant was connected to the suspected illegal drugs, are for the trial court to make in the first instance. *See State v. Wise*, 305 Or 78, 81, 749 P2d 1179 (1988) ("It is the task of the trial judge to make findings of historical fact. This means nothing more or less than that the trial judge must evaluate the evidence, resolve conflicts therein, find what happened and set forth (preferably in writing) what the judge finds."). Therefore, we vacate and remand for further proceedings.

Vacated and remanded.