542 December 13, 2023 No. 657

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL WILLIAM DURKIN,
*Defendant-Appellant.*
Lane County Circuit Court
20CR57799; A177188

Stephen W. Morgan, Judge.

Argued and submitted June 5, 2023.

Bruce A. Myers, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

In this criminal appeal, defendant seeks reversal of his judgment of conviction for driving under the influence of intoxicants (DUII) in violation of ORS 813.010. Defendant contends that the trial court erred when it denied his motion to suppress evidence. Specifically, defendant argues that he was unlawfully stopped when Officer Card followed him in a marked patrol car, parked facing the front of defendant's vehicle approximately one car-length away, and said "hello" when defendant tried to walk away. We agree that defendant was unlawfully stopped and that the trial court erred in denying defendant's motion. Accordingly, we reverse and remand.

We begin our analysis by noting that Card's greeting alone did not constitute a seizure. *See State v. Backstrand*, 354 Or 392, 400, 313 P3d 1084 (2013) ("'[L]aw enforcement officers remain free to approach persons on the street or in public places, seek their cooperation or assistance, request or impart information, or question them without being called upon to articulate a certain level of suspicion in justification if a particular encounter proves fruitful.'" (Quoting *State v. Holmes*, 311 Or 400, 410, 813 P2d 28 (1991).)). However, what elevated this encounter to a stop was not Card's greeting, but her accompanying conduct. Specifically, Card followed defendant's car at a close distance and when he parked, Card pulled up approximately a car-length away and parked facing the front of defendant's vehicle. Card then pursued defendant on foot after he walked away. Even though Card did not significantly restrict defendant's movement, she still placed defendant in a conundrum—she restricted his ability to drive away and, by greeting him, communicated her intent for him to stop walking away. A reasonable person, under the totality of circumstances, would not believe that they were free to end the encounter. *See Backstrand*, 354 Or at 401 (A seizure occurs, when an officer conveys to the person "either by word, action, or both, that the person is not free to terminate the encounter or otherwise go about his or her ordinary affairs.").

In the alternative, the state argues that even if Card stopped defendant, she had reasonable suspicion of

DUII because she observed defendant leave a bar and make evasive maneuvers to avoid her while he was driving. We disagree. The cases relied on by the state are distinguishable. *State v. Connell*, 186 Or App 620, 622-23, 64 P3d 579, *rev den*, 335 Or 504 (2003) (distinguishable because the officer observed the defendant commit multiple traffic infractions and display behavior that was very suspicious and evasive); *State v. Whitman,* 144 Or App 385, 387-88, 927 P2d 132 (1996) (distinguishable because the defendant was parked outside a bar at 3:00 a.m. and suspiciously "laid down in the seat as if to hide" every time a car drove by); *State v. Nelson*, 109 Or App 97, 99-100, 817 P2d 1344 (1991), *rev den*, 312 Or 589 (1992) (distinguishable because officer observed the defendant leave a bar at 2:00 a.m. and have "difficulty walking").

Here, defendant's evasive conduct was not remarkable enough to give rise to reasonable suspicion. *See State v. Mock*, 310 Or App 454, 467, 485 P3d 295 (2021) ("[A]n individual's choice to take legal measures to avoid police interaction is not indicative of any particular criminal activity."). Defendant exited a bar in the late afternoon with a "relaxed gait" and "leisurely demeanor." He did not have trouble walking, show signs of impairment, or commit any traffic infractions. Defendant's most evasive maneuver involved him parking his car on the side of the road and putting it into reverse to avoid Card. However, that legal conduct, without more, is not remarkable enough to give rise to reasonable suspicion of criminal activity.

Thus, for the above reasons, defendant was unlawfully seized when Card followed defendant in a marked patrol car, parked facing the front of defendant's vehicle approximately one car-length away, and said "hello" to defendant as he walked away from her. Because the stop occurred before Card had reasonable suspicion, it was unlawful. *State v. Reyes-Herrera*, 369 Or 54, 67-68, 500 P3d 1 (2021). Thus, we conclude that the trial court erred in denying the motion to suppress.

Reversed and remanded.